UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIGUEL A. RIVERA,

        Petitioner,                  Case Number: 04-71585

v.                                   HONORABLE DENISE PAGE HOOD

WILLIE O. SMITH,

        Respondent.
_____/

## OPINION AND ORDER DENYING
## PETITION FOR A WRIT OF HABEAS CORPUS

### I. Introduction

Petitioner Miguel A. Rivera has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a state inmate currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan, challenges his 1995 convictions for armed robbery and possession of a firearm during the commission of a felony. For the reasons set forth below, the Court shall deny the petition.

### II. Facts

Petitioner's convictions arise out of a robbery that occurred at a party store in the City of Detroit on June 28, 1994.

Kefah Fakhoury testified that he owned the party store, located at 1540 Elsmore. On June 28, 1994, at approximately 2:00 p.m., he saw an individual he identified as Petitioner outside of his store, by his adjacent private residence. Mr. Fakhoury testified

that he then reentered the store. Moments later, he heard a suspicious noise coming from the front of the store. He went to the front door to investigate . Mr. Fakhoury testified that he opened the front door and came face-to-face with Petitioner. Petitioner then pulled a ski mask up over his face. Petitioner held a gun to Mr. Fakhoury's chest and demanded money. Mr. Fakhoury gave Petitioner money from his own pockets and from the cash register.

Scott Brostowski testified that, at approximately 2:30 p.m. on June 28, 1994, he saw two men running out of Mr. Fakhoury's party store. He identified Petitioner as one of the individuals who ran out of the store.

Petitioner did not testify in his own defense.

### III.  Procedural History

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of armed robbery and possession of a firearm during the commission of a felony. On July 28, 1995, Petitioner was sentenced to twenty to forty years imprisonment for the armed robbery conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I.  The trial court judge created reversible error when she admitted the photo showup as evidence at trial.
>
> II. The trial court judge created reversible error when she limited defendant's right to cross examination of key witnesses.

> III. The trial court judge created reversible error when she allowed the prosecutor to disparage defense counsel in her closing rebuttal statement and then joined in, in front of the jury, on the disparagement.
>
> IV. The trial court judge violated defendant's right of due process of law guaranteed by the state and federal constitution by her constant sua sponte interruption of defense counsel's cross examination, her subsequent take over of defense counsel's cross examination, her asking of leading questions favorable to the prosecution during defendant's cross examination, her limitation of defendant's scope of cross examination, her allowance of disparaging remarks of the prosecution and finally her joining in on the prosecutor's disparagement in front of the jury.
>
> V. The trial court violated the principle of proportionality when she sentenced defendant to 20 to 40 years in prison on the armed robbery conviction.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. People v. Rivera, No. 188804 (Mich. Ct. App. 1997).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. People v. Rivera, No. 109957 (Mich. Oct. 20, 1998).

Petitioner then filed a motion for relief from judgment in the trial court, presenting the following claims:

> I. Denied due process at sentencing.
>
> II. Denied due process when made to wear filthy clothing at trial.
>
> III. Denied due process by trial court errors.
>
> IV. Ineffective assistance of appellate attorney.

The trial court denied the motion for relief from judgment. People v. Rivera, No.

3

94-07769 (Wayne County Circuit Court Oct. 6, 1999).

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, presenting the following claims:

I. Where the circuit court failed to address the substance of the underlying claims in denying the defendant's motion for relief from judgment, the court abused its discretion, and the case should be remanded for the circuit court to make findings of fact and conclusions of law adequate to facilitate meaningful appellate review.

II. The procedural bar of M.C.R. 6.508(D) can be applied to the defendant where (1) Michigan courts apply the bar in a manner that makes it impossible to overcome, or (2) there is a significant possibility that the defendant is innocent.

III. Where the circuit court rejected the defendant's ineffective assistance of appellate counsel claim because "ineffective assistance of appellate counsel does not satisfy the 'good cause' requirement" of M.C.R. 6.508(D)(3), its reasoning is not legally recognized and it therefore abused its discretion.

IV. Where the trial court refused to allow the defendant to wear clean clothing at trial, the trial court abused its discretion and violated the defendant's Fourteenth Amendment right to due process.

V. Where the trial judge exhibited unfair bias toward the defendant in a number of ways, the trial judge violated defendant's Fourteenth Amendment right to a fair trial and due process of law.

VI. Where (1) neither the defendant nor defendant's counsel reviewed the presentence report prior to sentencing, and (2) the sentencing court (a) failed to provide the defendant or his counsel with an opportunity to review and discuss the presentence report, (b) failed to determine whether the defendant or his counsel had an opportunity to read and discuss the presentence report, and (c) failed to give each party an opportunity to explain or challenge the accuracy or relevancy of information in the presentence report, the trial court violated the following rules and laws: M.C.R. 6.425(B), M.C.R. 6.425(D)(2)(a), M.C.L. 7771.14(5), M.S.A. 28.1144(5), and the defendant's Fourteenth Amendment right to due process, and the defendant is entitled to be resentenced.

The Michigan Court of Appeals dismissed the application for leave to appeal because Petitioner failed to file the application within the prescribed time period. People v. Rivera, No. 247027 (Mich. Ct. App. Apr. 7, 2003).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Rivera, No. 123701 (Mich. Aug. 29, 2003).

Thereafter, Petitioner filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I. Whether Petitioner was denied the right to due process where (A) the sentencing court failed to inquire whether Petitioner or his attorney reviewed the presentence investigation report prior to sentencing, and, (B) where Petitioner was denied the right to allocution.
>
> II. Whether Petitioner was denied the right to due process and a fair trial when he was made to wear filthy clothing during trial.
>
> III. Whether Petitioner was denied due process and a fair trial where the trial court exhibited unfair bias toward Petitioner and his attorney.
>
> IV. Whether Petitioner was denied the effective assistance of counsel on appeal.

## IV. Standard of Review

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326 (1997).

The AEDPA imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

In a proceeding instituted by an application for a writ of habeas

167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ

---

corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

> simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 409-11.

With this standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

### V. Analysis

### A. Alleged Errors at Sentencing Hearing

In his first claim for habeas corpus relief, Petitioner alleges that he was denied his right to due process at sentencing because the court failed to ask whether he and his attorney reviewed the presentence investigation report prior to sentencing and because he was denied his right to allocution.

Respondent argues that these claims are barred from review because they are procedurally defaulted. The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, Coleman, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to

have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. United States v. Frady, 456 U.S. 152, 167-69 (1982); Simpson v. Sparkman, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." Rust, 17 F.3d at 162; Murray v. Carrier, 477 U.S. 478, 496 (1986).

     For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. Warner v. United States, 975 F.2d 1207, 1213-14 (6th Cir. 1992), *cert. denied*, 507 U.S. 932 (1993). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. Coleman, 501 U.S. at 729-30. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." Simpson, 94 F.3d at 202.

     The last state court to issue a reasoned opinion regarding these claims, the trial court, in denying Petitioner's motion for relief from judgment, held that the claims were barred from review pursuant to M.C.R. 6.058(D), because Petitioner did not present the

claims on direct appeal and failed to establish good cause for his failure to do so. People v. Rivera, No. 94-07769 (Third Judicial Circuit Court Oct. 6, 1999).

The Sixth Circuit Court of Appeals has held that M.C.R. 6.508(D) is a firmly established and regularly followed state ground precluding subsequent federal habeas review absent a showing of cause and prejudice where the rule was in effect at the time of a petitioner's direct appeal. Luberda v. Trippett, 211 F.3d 1004, 1007 (6th Cir. 2000), *citing* Rogers v. Howes, 144 F.3d 990 (6th Cir. 1998). M.C.R. 6.508(D) was enacted in October 1989. Petitioner was convicted in 1995. Thus, M.C.R. 6.508(D) was a firmly established and regularly followed state procedural bar at the time of Petitioner's conviction and direct appeal. Accordingly, the state court's judgment clearly rested on a procedural bar and the doctrine of procedural default is invoked with respect to these claims.

Petitioner claims that his appellate attorney's ineffectiveness in failing to raise these claims on direct appeal constitutes cause to excuse the procedural default. The Supreme Court has held that "cause" under the cause and prejudice standard must be "something external to the petitioner, something that cannot fairly be attributable to him." Coleman, 591 U.S. at 753. The Court further held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error. . . . Attorney error that constitutes ineffective assistance of counsel is cause, however." Id. at 753-54 (internal citations omitted).

10

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." Id. at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'" Tinsley v. Million, 399 F.3d 796, 802 (6th Cir. 2005), *quoting* Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

A petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 754 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990).

With respect to Petitioner's claim that he is entitled to habeas relief because the trial court did not allow him an opportunity for allocution, the Court need not decide whether Petitioner established cause and prejudice for the procedural default, because,

even assuming that he established cause and prejudice, Petitioner's claim does not entitle him to habeas corpus relief.

The Supreme Court has held that a trial court's failure to ask a defendant whether "he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus." Hill v. U.S., 368 U.S. 424, 428 (1962).  Further, the Court stated:

> It is an error which is neither jurisdictional nor constitutional.  It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure.  It does not present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.

Id. (internal quotation omitted).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991).  The petitioner's claim that the trial court violated his right to full and meaningful allocution at sentencing fails to allege the violation of a federal constitutional right.  Therefore, habeas corpus relief is not available for this claim.

Petitioner also claims that the trial court erred in failing to inquire whether he and his attorney had an opportunity to review the presentence investigation report prior to sentencing and that he was not given an opportunity to review the report.  The Court considers the reasonableness of Petitioner's appellate attorney's decision not to present this claim on direct review.  The sentencing transcript reflects that counsel challenged the scoring of certain offense variables prior to sentencing, and, therefore, had an opportunity

to review the guidelines report. Petitioner fails to allege that the presentence investigation report contained incorrect or inaccurate information. Therefore, he has failed to show that he suffered any prejudice by counsel's failure to present this claim on direct review. He also fails to demonstrate that failure to consider this claim will result in a fundamental miscarriage of justice. Therefore, Petitioner's claim is barred from federal habeas review because it is procedurally defaulted.

### B. Petitioner's Attire During Trial

Petitioner next claims that he is entitled to habeas corpus relief because he was forced to stand trial in dirty clothing. Respondent argues that this claim is procedurally defaulted. For the same reasons the Court held that the Petitioner's first claim for habeas corpus relief, regarding sentencing errors, was procedurally defaulted, the Court finds that this claim is procedurally defaulted as well. The Court must, therefore, consider whether Petitioner has established cause and prejudice to excuse his procedural default.

Petitioner claims that his appellate attorney's ineffectiveness constitutes cause to excuse his procedural default. As discussed *supra*, to establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. Strickland, 466 U.S. at 687. If it is easier for a court to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, a court may address that prong first and need not address whether counsel's performance was deficient. Id. at 697. The Court determines that it is easier to address the prejudice prong of Petitioner's ineffective assistance of appellate counsel

claim, and therefore shall do so.

Petitioner claims that his attorney should have argued on direct review that his right to a fair trial was violated when he was forced to stand trial in dirty clothing. He analogizes his standing trial in dirty clothing to a defendant being forced to stand trial in prison garb. He argues that standing trial in dirty clothing eroded the presumption of innocence to which he was entitled.

A fair and impartial trial requires that a defendant be afforded a presumption of innocence. Kennedy v. Cardwell, 487 F.2d 101, 104 (6th Cir. 1973), citing Massey v. Moore, 348 U.S. 105, 108 (1954). Compelling a defendant to stand trial in identifiable prison clothes impairs the presumption of innocence to which every criminal defendant is entitled. Estelle v. Williams, 425 U.S. 501 (1976). Petitioner, however, has cited no Supreme Court case that prohibits an accused from standing trial in civilian clothes which may be dirty.

The trial court judge found that there was nothing remarkable about Petitioner's appearance at the trial. While she conceded that Petitioner's attorney might have detected an unpleasant odor because he was seated so close to Petitioner at the defense table, she concluded that this odor was not detectable by others in the courtroom. Given the trial court's factual finding and the absence of any caselaw supporting Petitioner's claim that a reversible error occurred, the Court finds that Petitioner was not prejudiced by his attorney's failure to present this claim on direct appeal. *Cf.* Adams v. Smith, 280 F. Supp. 2d 704, 717-18 (E.D. Mich. 2003) (Tarnow, J.) (holding that petitioner's grossly ill-fitting

clothing at trial did not erode the presumption of innocence). Petitioner also fails to demonstrate that failure to consider this claim will result in a fundamental miscarriage of justice. Therefore, Petitioner's claim is barred from federal habeas review because it is procedurally defaulted.

### C. Alleged Bias of Trial Court

Petitioner alleges that the trial court judge deprived him of a fair trial because she was biased against him and his attorney. Petitioner claims that the trial court judge exhibited her bias by asking witnesses leading questions favorable to the prosecution, limiting cross-examination of prosecution witnesses, mischaracterizing witness testimony, disparaging defense counsel, excluding certain testimony, and generally being more favorable to the prosecution than the defense.

An impartial judge is a necessary component of a fair trial. In re Murchison, 349 U.S. 133, 136 (1955). This Court is guided by the standard established by the Supreme Court in Liteky v. United States, 510 U.S. 540 (1994), in addressing claims of judicial bias. In Liteky, the Supreme Court explained the measure of judicial conduct as follows:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Id. at 554.

The Supreme Court cautioned that "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display," do not establish bias or partiality. Id. at 556. Further, "[a] judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune." Id.

The Michigan Court of Appeals, the last state court to issue a reasoned opinion regarding this claim, held that the trial judge's conduct did not deprive Petitioner of his right to a fair trial. With respect to his claim that trial court's bias was evident when the trial court judge asked witnesses leading questions favorable to the prosecution, limited cross-examination of prosecution witnesses, and excluded certain evidence, the state court held, in pertinent part:

> [D]efendant next argues that the trial court limited defense counsel's cross-examination of key witnesses . . .
>
> . . .
>
> In this case, our review of the record does not disclose that the trial court infringed upon defendant's right to confrontation. Rather, we conclude that the trial court complied with its duty to exercise control over the proceedings and to limit the introduction of evidence to relevant and material matters. . . . Although the trial court questioned a witness on its own initiative, our review of the record indicates that such questioning was necessary to clarify the testimony of the witness. The trial court's action was proper pursuant to M.R.E. 614(b), and we do not find any indication of bias or favoritism toward the prosecutor.

16

> Defendant also argues that the trial court abused its discretion when it refused to allow defendant to introduce evidence that the window on the store door through which the victim initially viewed defendant was so cloudy that it was not transparent. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. . . .
>
> In this case, we agree with the trial court that the evidence was irrelevant. M.R.E. 401, 402. Defendant offered the testimony of a private investigator who would testify that from outside the store he could not see into the store through the window. However, the victim testified that he saw defendant from the inside of the store looking out. Defendant also offered photographs of the store door and window, but the photographs were taken when the store was closed and there were grates covering the door and window. The crime occurred at 2:00 in the afternoon when the store was open for business, and there were no grates across the door. Additionally, the victim testified that he came face-to-face with defendant before defendant pulled on his mask. Therefore the victim clearly viewed defendant without the obstruction of a window. Accordingly, we conclude that the trial court did not abuse its discretion in excluding defendant's proffered evidence.

Rivera, slip op. at 2-3.

Petitioner has failed to show that the state court's decision that the trial court's evidentiary rulings and questioning of prosecution witnesses were proper was contrary to or an unreasonable application of Supreme Court precedent. Petitioner, therefore, cannot show that the trial court's conduct and rulings were evidence of judicial bias.

With respect to Petitioner's claim that the trial court improperly disparaged defense counsel, the Michigan Court of Appeals held, in relevant part:

> [D]efendant raises a claim of prosecutorial misconduct and judicial partiality. During rebuttal argument in this case, the prosecutor stated that "you've got to be very careful about half-truths that are presented to you by defense counsel." Defense counsel immediately objected, stating, "I don't claim she's making half-truths up here," to which the trial court responded "Well counsel, you've made some fairly pejorative arguments, at least as I observed it or as I understand it."

17

> . . .
>
> A trial court has wide, but not unlimited, discretion and power in the matter of trial conduct. People v. Paquette, 214 Mich. App. 336, 340; 543 N.W.2d 342 (1995). If the trial court's conduct pierces the veil of judicial impartiality, a defendant's conviction must be reversed. City of Detroit v. Hartsuff, 213 Mich. App. 338, 349; 539 N.W.2d 781 (1995). The test for determining whether the court's comments pierced the veil of judicial impartiality is whether the court's comments were of such a nature as to unduly influence the jury and thereby deprive the defendant of his right to a fair and impartial trial. Id. at 350. Upon review, this Court examines the record as a whole and considers the remarks in context. Paquette, *supra*. After reviewing the record in this case, we conclude that the trial court's remark did not disparage defense counsel. Rather, we conclude that the court's remark was simply an attempt to characterize defense counsel's closing argument where counsel suggested that the prosecutor had used facial expressions to elicit the answers she desired from the victim, that witnesses were bolstering their testimony, that the police were lazy and overworked, and that defendant was being "railroaded." The trial court's comment did not pierce the veil of judicial impartiality.

Rivera, slip op. at p. 3.

It is this Court's belief that the trial court judge should have exercised more restraint in response to defense counsel's objection to the prosecutor's closing argument. However, this Court does not believe that the trial court's isolated remark establishes bias or partiality. The Court finds that the Michigan Court of Appeals' conclusion that the trial court's conduct did not pierce the veil of judicial impartiality was not an unreasonable application of federal law. Therefore, the Court shall deny habeas corpus relief.

### D. Alleged Ineffective Assistance of Appellate Counsel

In his final claim for habeas corpus relief, Petitioner alleges that his appellate

18

attorney was ineffective in failing to raise the issues Petitioner presents in this petition and in failing to inform Petitioner that he could have raised them in a *pro per* supplemental brief on appeal.  Petitioner's ineffective assistance of appellate counsel claims are discussed *supra* in the context of Petitioner's claim that his appellate attorney's ineffectiveness established cause to excuse his procedural default.  For the reasons set forth above, Petitioner has failed to show that his appellate attorney was ineffective and habeas relief is denied.

## VI.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

      s/ DENISE PAGE HOOD
      DENISE PAGE HOOD
      UNITED STATES DISTRICT JUDGE

Dated: June 30, 2005